UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIAA COMMERCIAL FINANCE INC.
*Assignee of* GE HFS LLC,

              Plaintiff,

    v.

JAVWAUD ZAFAR, ROBERT PALMER,
and SYED AKBAR,

              Defendants.

Case No. 20-cv-1062-pp

**ORDER GRANTING DEFENDANT AKBAR'S SECOND AMENDED MOTION TO VACATE CLERK'S ENTRY OF DEFAULT PURSUANT TO FRCP 55(C) AND MOTION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING (DKT. NO. 24), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 25) AND ORDERING THE PARTIES TO FILE A RULE 26(F) REPORT**

    This case is in a bit of a procedural snarl; hopefully this order will untangle that snarl a bit and get it on the right track.

    The plaintiff filed the complaint on July 13, 2020, alleging breach of a personal guaranty by each of the defendants. Dkt. No. 1 at 7. The clerk's office entered default against defendant Syed Akbar on August 7, 2021, at the plaintiff's request. Dkt. No. 12. Akbar moved to vacate the entry of default on August 14, 2020, dkt. no. 20, and filed an amended motion to vacate the entry of default on August 31, 2020, dkt. no. 24. Defendants Javwaud Zafar and Robert Palmer both filed verified answers on August 31, 2020, dkt. nos. 22, 23,

after the court granted their motions for extension of time to respond, dkt. nos. 19, 21.

Before the court had an opportunity to order the parties to file a Rule 26(f) report, the plaintiff moved for summary judgment on the ground that there is no genuine dispute that it is entitled to judgment in an amount not less than $378,392.89 plus costs and attorneys' fees. Dkt. No. 25. All the defendants responded, asking the court to deny the motion. Dkt. No. 31 at 2.

The court will grant the unopposed motion to vacate the clerk's entry of default as to defendant Akbar and allow Akbar to separately file his answer. The court will deny without prejudice the plaintiff's motion for summary judgment. Dkt. No. 25. The court will require the parties to file a Rule 26(f) report; once the court receives that report, it will issue a scheduling order.

**I.     Defendant Syed Akbar's Second Amended Motion to Vacate Clerk's Entry of Default Under Rule 55(c) and Motion for Extension of Time to File Responsive Pleading (Dkt. No. 24)**

On July 20, 2020, the plaintiff filed the affidavit of process server Kerry Polizzi, indicating that on July 14, 2020, Polizzi had served defendant Syed Akbar by leaving the complaint with Nur-Fatima Akbar, the defendant's daughter, at 1709 Midwest Club Parkway in Oakbrook, Illinois. Dkt. No. 5. The summons required the defendant to answer within twenty-one days. Dkt. No. 10 at 2.

On August 6, 2020, the plaintiff asked the clerk to enter default against Akbar. Dkt. No. 12. The attached declaration of counsel indicated that the plaintiff had served Akbar on July 14, 2021 and averred that more than

2

twenty-one days had passed since. Id. at 2. The clerk entered default on August 7, 2020.

One week later, Akbar's attorney moved to vacate the entry of default and asked for leave to file a responsive pleading. Dkt. No. 20. That motion explained that while Akbar's answer had been due August 4, 2020, he had not timely answered "[d]ue to the possibility of a joint defense and obtaining counsel to represent the defendants, as well as for Defendant's unfamiliarity with the legal system;" he characterized Akbar's failure to respond as "the result of inadvertence and a misunderstanding." Id. at ¶3. Counsel explained that he'd asked counsel for the plaintiff to agree to vacate the default, but that the plaintiff had refused. Id. at ¶6. Two weeks later, on August 31, 2020, Akbar filed an amended motion to vacate the entry of default and request for an extension of time to respond to the complaint. Dkt. No. 24. This motion differed from the earlier one only in that the defendant included with it the answer he proposed to file. Id. at 6-24.

Although both the original and the amended motion indicate that the plaintiff's counsel refused to agree to vacating the default, the plaintiff has not filed a brief in opposition.

Rule 55(c) allows the court to set aside the entry of default for good cause. Fed. R. Civ. P. 55(c). The court considers whether the defendant showed good cause, took prompt steps to correct the default and asserts an arguably meritorious defense to the lawsuit. Parker v. Scheck Mech. Corp., 772 F.3d 502, 505 (7th Cir. 2014). The test is more liberally applied before the entry of

3

Case 2:20-cv-01062-PP   Filed 09/30/21   Page 3 of 15   Document 42

judgment; default judgments are considered "drastic measures." Escamilla v. United States, No. 21-C-510, 2021 WL 3856065, *1 (E.D. Wis. Aug. 27, 2021) (citing Stafford v. Mesnik, 63 F.3d 1445, 1459 (7th Cir. 1995)). The Seventh Circuit has a "well established policy favoring a trial on the merits over a default judgment." Id. (citing Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 811 (7th Cir. 2007)). The party seeking to set aside the default must show "'good cause' for the judicial action, not 'good cause' for the defendant's error . . . ." Sims v. EGA Prods., Inc., 475 F.3d 865, 868 (7th Cir. 2007).

Akbar explains that he failed to timely answer because he was unfamiliar with the legal system and because he was considering a joint defense and was seeking counsel. Dkt. No. 24 at ¶3. He adds that he could not locate a copy of the assignment from the plaintiff's predecessor and it was not attached to the complaint. Id. at ¶8. The court finds that it has good cause to set aside the default—the court had not entered judgment, Akbar made an error due to lack of counsel and unfamiliarity with the legal system and attempts to coordinate with the other defendants.

Akbar also asserts that he only learned about his default when it was entered on August 7, 2020. Dkt. No. 24 at ¶8. He filed his original motion to vacate that default within a week. Akbar filed his original motion to vacate the default before the court granted the two other defendants an extension of time and before the remaining defendants filed their answers. The court finds that the defendant acted quickly to vacate the default.

4

Finally, Akbar asserts that the defendants have several meritorious defenses. Id. at ¶10. Although Akbar did not articulate those defenses in the body of the motion, he filed a brief in opposition to the plaintiff's motion for summary judgment motion, dkt. no. 31, and filed as part of his motion to vacate a proposed verified answer that included six affirmative defenses,[1] dkt. no. 24 at 6, and the plaintiff has not opposed the motion to vacate.

The court will grant Akbar's motion to vacate the default.

## II. Plaintiff's Motion for Summary Judgment (Dkt. No. 25)

On October 16, 2020—only three months after filing the complaint, forty-five days after two of the three defendants had answered and without the court having entered a scheduling order—the plaintiff filed a motion for summary judgment. Dkt. No. 25. The plaintiff asserted that "there is no defense that would relieve or discharge any of the Defendants from performing their respective obligations owed under the Continuing Guaranty." Dkt. No. 26 at 1. The plaintiff stated that "[n]o material issues of genuine fact exist, which obviates the need for discovery in this matter." Id. Along with the brief, the plaintiff filed a document titled "Statement of Undisputed Facts," dkt. no. 27, as well as something called a "Statement of Stipulated Facts," dkt. no. 28. Included within the "Statement of Undisputed Facts" is a declaration from the plaintiff's senior lease portfolio manager, Doug Holt (dkt. no. 27 at 6), and

---

[1] In its summary judgment brief, the plaintiff argues that the defendants waived the right to bring affirmative defenses. Dkt. No. 26 at 6. As the court will discuss in this motion, the summary judgment motion is premature. The court will address any allegation of waiver if and when there is a timely-filed dispositive motion.

5

thirty-nine pages of leases, lease amendments, addenda, letters and invoices (dkt. no. 27 at 10-49).

The defendants filed a combined response, insisting that it is too early for summary judgment because they have not had an opportunity to engage in formal discovery and the plaintiff's sole evidentiary support appears to be inadmissible hearsay. Dkt. No. 31.

A. Legal Standard

Under the Federal Rules of Civil Procedure, the court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment "has the burden of demonstrating that there are no genuine issues of material fact and that [it] is entitled to judgment as a matter of law." Green v. Whiteco Indus., Inc., 17 F.3d 199, 201 (7th Cir. 1994) (citing Fed. R. Civ. P. 56(c)). "This burden 'may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett*, 477 U.S. 317,

325 (1986)." Id. But "[s]ummary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be necessary to meet the factual basis for the motion." Grayson v. O'Neill, 308 F.3d 808, 815 (7th Cir. 2002) (citing Celotex, 477 U.S. at 326)). Rule 56(d) provides that if a nonmovant shows by affidavit or declaration that it cannot, "for specified reasons," present facts that are essential to justify its opposition, the court may, among other things, allow the nonmoving party time to obtain affidavits or declarations or to take discovery.

B.  Procedural Posture

When the plaintiff filed its motion for summary judgment, the defendants had not even received a scheduling order, much less had the opportunity to conduct discovery. As the above caselaw demonstrates, the usual and preferred practice is for the parties to exchange discovery before moving for summary judgment, so that moving and non-moving parties alike may support their positions with record evidence. The plaintiff's insistence that no discovery is necessary, that there are no genuine issues of disputed facts and that the defendants cannot defend against its claims ignores the underlying assumptions of adversarial litigation—of course the plaintiff believes it is in the right and is entitled to prevail. But it brought this dispute to federal court, where parties present their disputes for resolution by a judge or jury following procedures that apply in every case. The plaintiff's attempts to circumvent those procedures is disconcerting.

7

More to the point, the plaintiff has not properly supported its motion, and the motion is premature given that one defendant has yet to answer.

C.   Plaintiff's Proposed Findings of Fact

1.   *Defendants' Objections*

The defendants object to most of the plaintiff's proposed findings of fact on the ground that the Holt declaration violates Fed. R. Civ. P. 56(c)(4) and does not fall within the business records exception to hearsay. Dkt. No. 31 at 4, 6. The Holt declaration is the exclusive evidentiary support for all but two of the plaintiff's proposed findings of fact.

Rule 56(c)(1) requires a party asserting that a fact "cannot be or is genuinely disputed" must support that assertion by citing to materials in the record, such as an affidavit or declaration. A party may object to evidence on the ground that the material cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2). Under Rule 56(c)(4), an affidavit or declaration used to support summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters presented. Fed. R. Civ. P. 56(c)(4). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion as required by Rule 56(c), the court may give the party an opportunity to properly support or address the fact, consider the fact undisputed, grant summary judgment if the movant is entitled to it, or issue an appropriate order. Fed. R. Civ. P. 56(e).

The Holt declaration is included as part of the plaintiff's proposed findings of fact. Dkt. No. 27 at 9. Holt states that he is the Senior Lease Portfolio Manager for the plaintiff, id. at ¶2; he does not say how long he has worked at TIAA Commercial Finance, Inc. or what his job duties are within the company. Holt doesn't indicate whether he has any knowledge with respect to the Continuing Guaranty or the assignment of the Guaranty. He doesn't explain how the records he references are stored or maintained within TIAA or how he has access to them. The plaintiff argues that the court "can infer that an individual has personal knowledge of the facts simply based on the affiant's title." Dkt. No. 33 at 4. The plaintiff has provided no controlling authority for that assertion, citing only a 2014 unpublished district court decision from the Southern District of Illinois. Id. The court does not know the job duties of a Senior Lease Portfolio Manager at TIAA and does not have enough information to infer what they might be. Holt has not been designated a Fed. R. Civ. P. 30(b)(6) representative or been deposed.

The plaintiff argues that the defendants cannot dispute the statements in the Holt declaration because the defendants filed verified answers to the verified complaint admitting that they executed each of the documents at issue. Dkt. No. 33 at 2. While a verified complaint can be considered as evidence on summary judgment, Beal v. Beller, 847 F.3d 897, 901 (7th Cir. 2017), the plaintiff chose not to cite to the verified complaint in its proposed findings of fact. And the plaintiff only cited to the verified answers for its first two proposed findings: (1) that all defendants are residents of Illinois and members

of LSTAR Imaging, LLC ("LSTAR"), a Texas limited liability company; and (2) that LSTAR leased certain equipment from GE HFS, LLC. Dkt. No. 27 at ¶¶1, 2.

Because the Holt declaration does not establish personal knowledge, the court will not deem admitted any of the proposed findings that rely on that declaration. Nor will the court consider the attached exhibits admissible as exceptions to the hearsay rule under Fed. R. Evid. 803(6) (records of regularly conducted activity) because the Holt declaration says nothing about the recordkeeping practices of the company.

2. *Supported Findings of Fact*

The court's conclusion above leaves few facts that can be deemed undisputed. The court finds that the defendants are residents of Illinois and are members of LSTAR, the radiology business they started in Texas. Dkt. Nos. 22-24, ¶¶2-4. LSTAR leased certain equipment from GE HFS, LLC. Dkt. Nos. 22-24, ¶5.

The defendants admit that Exhibit A to the verified complaint is a document titled Master Lease Agreement dated September 25, 2018 between GE HFS, LLC, as Lessor and LSTAR Imaging, LLC as Lessee. Dkt. Nos. 22, 23, 24 at ¶9. In their answers to the verified complaint, the defendants admit they signed a continuing guaranty dated September 25, 2018. Dkt. Nos. 22, 23, 24 at ¶¶6, 13.

D. <u>Conclusions of Law</u>

The plaintiff has moved for summary judgment on a sole claim of "Breach of Guaranty" against each of the defendants. Dkt. No. 26. The

continuing guaranty dated September 25, 2018 calls for the application of Wisconsin law. See U.S. Bancorp. Equip. Finance, Inc., v. Ideal Mfg. Solutions, Inc., 911 F. Supp. 2d 786, 792 (E.D. Wis. 2012). Because a guaranty is a contract, the court considers the three elements of a breach of contract claim under Wisconsin law. Johnson Health Tech N. Am., Inc., v. Grow Fitness Group, Inc., No. 17-cv-834-wmc, 2020 WL 68037, *5 (W.D. Wis. Jan. 7, 2020). The plaintiff must establish that: (1) a valid contract exists; (2) defendants breached the contract; and (3) damages stem from the contract. Id.

With respect to the first element, the plaintiff has established that GE and LSTAR executed a master lease agreement and equipment schedule dated September 25, 2018. GE and LSTAR executed additional equipment schedules to the master lease agreement. The defendants, jointly and severally, executed a continuing guaranty where they personally guaranteed the payment obligations of LSTAR for the benefit of GE HFS, LLC.

While that seemingly establishes a valid contract, the plaintiff is TIAA Commercial Finance—not GE. The plaintiff alleges in its verified complaint that GE assigned all its interests under the master lease agreement, six equipment schedules and continuing guaranty to the plaintiff. Dkt. No. 1 at 6. The plaintiff did not attach the assignment to the verified complaint; the defendants denied that there was a valid assignment in their verified answers. Dkt. Nos. 22, 23, 24 at ¶26 and p. 15 (second affirmative defenses). Even if the court had considered the Holt declaration, the assignment attached as Exhibit 9 to the declaration does not include a date, does not explicitly reference the continuing

11

guaranty and is signed by an unknown representative of GE HFS, LLC. Exhibit 9 references account numbers but there are no account numbers on the continuing guaranty attached to the verified complaint. Dkt. No. 1-2 at 9. The plaintiff's proposed finding of fact regarding the assignment does not even mention the verified complaint. Dkt. No. 27 at ¶11.

On summary judgment, the plaintiff must establish, as a matter of law, by citing to evidence in a form that would be admissible at trial, that it is the assignee of an enforceable contract, that the defendants breached that contract and that the plaintiff suffered damages. It is not enough to assert that the defendants failed to respond with admissible evidence because a nonmovant's failure to respond to a summary judgment motion does not automatically result in a judgment for the movant. See Raymond v. Ameritech Corp., 442 F.3d 600, 608 (7th Cir. 2006). The burden of persuasion remains with the plaintiff—the movant—to show that it is entitled to summary judgment as a matter of law.

The court will proceed with this litigation as it does with other civil litigation. It will require the parties to file a Rule 26(f) discovery plan. It will issue a scheduling order. It will allow the parties to conduct some discovery. Then, if the plaintiff wishes to file a motion for summary judgment, it may do so. But the court will deny the current motion without prejudice.

### III. Conclusion

The court **GRANTS** defendant Syed Akbar's second amended motion to vacate clerk's entry of default and motion for extension of time to file a responsive pleading. Dkt. No. 24.

The court **ORDERS** that defendant Syed Akbar must file as a separate document the same verified answer that he included as part of his motion (dkt. no. 24 at pp. 6-24).

The court will deem defendant Syed Akbar's verified answer timely filed if the court receives it on or before the end of the day on **October 8, 2021**.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for summary judgment. Dkt. No. 25.

The court **ORDERS** that by the end of the day on **October 22, 2021**, the parties must file a joint, written Rule 26(f) report. The plaintiff's counsel is responsible for filing the report, and for providing a copy to opposing counsel. If the parties are not able to agree on the terms of a joint report, they may file separate reports.

Fed. R. Civ. P. 26(f) requires that, as soon as practicable, the parties must meet to discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement, the timing for the initial disclosures required by Rule26(a)(1) and a proposed discovery plan.

During this meeting the court urges the parties to discuss whether they need a protective order, and if so, to consider jointly requesting the order. The parties must use the proposed order template at the end of the court's local

13

Case 2:20-cv-01062-PP   Filed 09/30/21   Page 13 of 15   Document 42

rules (available at https://www.wied.uscourts.gov). If there is some reason the parties cannot use the template order or must deviate from the order, they must inform the court of that reason in their motion for protective order. The court also urges the parties to discuss stipulating to protocols for remote depositions and using the form stipulation and proposed order available on the COVID-19 page of the court's website under "Resources." Finally, the court encourages the parties to discuss the impact, if any, of the COVID-19 outbreak on the parties' ability to participate in discovery during the early stages of the litigation. Counsel should share observations and conclusions with the court in the plan.

In addition to including a discovery plan, the Rule 26(f) report must include the following:

1. A brief statement of the nature of the case;
2. Whether the parties expect to amend the pleadings;
3. Whether the parties anticipate joining other parties;
4. The nature of the discovery each party contemplates, and the amount of time the parties believe they need to complete that discovery;
5. Any motions the parties contemplate;
6. The estimated length of trial;
7. Whether any party is requesting a jury trial;
8. A statement of any other issues that might impact trial scheduling; and

14

9. A statement attesting to the fact that the parties have discussed each of the above issues.

The court will not set dates for a final pretrial conference or trial until dispositive motions have been decided.

If, after review of the Rule 26(f) report, the court decides a Rule 16 scheduling conference is necessary, it will contact the parties to set a hearing.

If the parties are interested in mediation facilitated by a magistrate judge at any point in the pretrial process, they should contact the court immediately to request a referral.

Dated in Milwaukee, Wisconsin this 30th day of September, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**